(Cuyahoga County, Ohio, District Court,
September Term, 1881.)

MORSE v. MORSE.

Before Lemmon and Rouse, JJ.

*Divorce—"Any gross neglect of Duty" as grounds for—Need not have continued for three years.*

LEMMON, J.

Where a decree is sought under sub-division 7 of Sec. 5689 of the Rev. Stat. for "any gross neglect of duty", it is not necessary that the cause of divorce should have continued for three years.

In this case it appears by the findings of the court set forth in the journal entry that for a period of about six months the defendant has been guilty of gross and wilful neglect of her marital duties, and that the plaintiff was entitled to a decree of divorce on that ground, unless it is necesary under the statute that the gross neglect of duty should continue for three years, and as the court was of the opinion that the cause must exist three years, the petition was dismissed, with costs.

Held: That by the insertion of the word "any" in the Rev. Stat., it is evident that the intention of the legislature was to leave the granting of the decree to the sound discretion of the court trying the case, and that it is not necessary that the cause of divorce should have continued for three years. Any other construction would render the statute nugatory and superfluous. It is not necessary that a woman should starve three years to entitle her to the benefits of the statute. Where the neglect is such that it is merely tantamount and equivalent to wilful absence, a sound discretion might require the cause to have existed for three years in analogy to the provision of the statute requiring wilful absence to have continued three years; but where the neglect is otherwise, is gross, and is passively cruel, as in a case of starvation or failure to provide clothing, fuel, or the like, it is not necessary that the cause should have existed for three years. This holding is sustained by a majority of the judges in the Western District of the state. The judgment of the court below is reversed, and the cause is remanded for further proceedings.

Pennewell & Lamson, for Petitioner.

Foster & Lawrence, for Defendant.

---

(Cincinnati Superior Court, Special Term,
February, 1893.)

THE B. & O. S. W. R. R. CO. et al. v.
R. R. CO.

*Trespasser on Railroad—Liability of R. R. Co. for injury.*

On motion to take from the jury.

HUNT, J.

This was an action to recover damages for alleged personal injuries, resulting from the negligence of the defendant.

The evidence disclosed that the plaintiff had jumped on the step in front of a freight engine for the purpose of riding into the city. The step was used only for switchmen in the line of their duty. The company had no knowledge of the fact that the plaintiff was there, and no reason to believe that he was there in the exposed position. He paid no fare, and was there without any invitation, express or implied.

The engine, which was moving some freight cars, collided with an engine of the C., C., C. & St. L. R. R., and the plaintiff was thrown from the car and injuries resulted, causing an amputation of the foot.

The plaintiff introduced his evidence, and thereupon the defendants moved to arrest the testimony from the jury and for a nonsuit.

Judge Hunt held, as a proposition of law, that every person who enters upon the property of a railroad company, either its track, or its cars, or engines, without due license, or authority, is, as long as he remains there, to be regarded as a trespasser. License to enter, however, may be express or implied. There is no legal duty from a railroad to a trespasser on its track, nor is it a part of its duty in exercising ordinary care in the operation of its road, to provide against the possibility that trespassers may be on its track, and the extent of its duty is to refrain from wilful or deliberate injury. This doctrine is supported by the great weight of authority.

A railroad company is liable even as against a trespasser for a wanton or wilful or deliberate injury. It may be accepted as a rule that the duty of a common carrier to provide against injuries to strangers, while not requiring the same care and diligence as in the case of passengers, is governed by the general principle of law, that every one is obliged, upon considerations of humanity and justice, to conform his conduct to the rights of others, and in the prosecution of his lawful business to use every reasonable precaution to avoid their injury. In no case has the railroad company a right to inflict a wanton injury upon a naked trespasser upon its property.

This is not in conflict with the C., H. & D. R. R. Co. v. Kessen, (31 N. E. Rep. 282) where it was held that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after he became aware or ought to have become aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him, and he was thereby injured.

In the case at bar there was no knowledge by the defendant of the exposed condition of the plaintiff, who was a trespasser, and there is no evidence tending to show that the injuries were wilfully or wantonly or deliberately inflicted.

Motion granted.

Judson Harmon, for motion.

C. W. Baker, contra.